UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

SAMUEL SPAN,
   Plaintiff,

   vs.                                              No. 05-1292

CORRECTIONAL OFFICER WILLIAMS,
and WARDEN FRANK SHAW,
   Defendants.

<u>ORDER</u>

      This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

      The plaintiff, Samuel Span, filed his complaint pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Hill Correctional Center. The plaintiff has named two defendants including Correctional Officer Williams and Warden Shaw. Specifically, the plaintiff claims the defendants violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition. The plaintiff is asking for compensatory and punitive damages.

      The plaintiff says on July 23, 2005 he told Officer Williams that he had an "eye irritation" in his left eye and needed medical care. (Comp.,p. 4) Officer Williams refused the plaintiff's requests on three separate occasions. The next morning, the plaintiff says he was unable to open his eye and another officer sent the plaintiff to the health care unit. A nurse flushed the plaintiff's eye with solution and scheduled the plaintiff to see a doctor later in the day. The doctor informed the plaintiff that his eye was infected and prescribed medication. He also put the plaintiff on a waiting list to see an eye doctor.

      The plaintiff says he saw the eye doctor on August 11, 2005. This doctor told the plaintiff that his eye was still infected and prescribed additional medication. The doctor also told the plaintiff that he had an "ulcer" in his left eye. (Comp., p.5) The doctor said if the plaintiff had received treatment when he first complained of eye trouble, the injury would not have been as bad. The eye doctor also prescribed tinted glasses for the plaintiff to wear, but Warden Shaw refused to allow them.

The plaintiff says due to the conduct of the two defendants, he is losing the sight in his left eye.  The plaintiff also says that Warden Shaw is responsible for the training and supervision of Officer Williams.

The plaintiff has adequately alleged that the defendants violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition.  Defendant Williams refused the plaintiff's repeated requests for medical attention and Defendant Shaw refused prescribed glasses for the plaintiff.  However, Plaintiff Shaw is not liable based on the mere fact that he was the warden.   The doctrine of respondeat superior (supervisor liability) does not apply to actions filed under  42 USC §1983.  Pacelli v. DeVito, 972 F.2d 871, 877 (7th Cir. 1992).  A supervisor cannot be held liable for the errors of his subordinates.

In addition, the plaintiff has not specified whether he intended to sue these defendants in their official or individual capacities, but his complaint only alleges claims against the defendants in their individual capacities. A suit against a government employee in his official capacity is the same as a suit against the government entity itself. Jackson v. Marion County, 66 F.3d 151, 152 (7th Cir. 1995).  As state prison employees, the defendants are considered state agents and thus plaintiff's claims for monetary damages against the defendants in their official capacity are barred by the Eleventh Amendment. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989); Moore v. State of Indiana, 999 f.2d 1125, 1128 (7th Cir. 1993)

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff has adequately alleged that the defendants violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical needs.  Defendant Williams denied the plaintiff medical care and Defendant Shaw denied prescribed glasses.  The claims are against the defendants in their individual capacities only.**

**2) The Clerk of the Court is directed to refer the plaintiff's complaint to the Magistrate Judge for consideration of any deficiencies in the plaintiff's filing and the motion to proceed in forma pauperis.**

Entered this 7th day of November, 2005.

                               **Harold A. Baker**
                         _____
                                HAROLD A. BAKER
                          UNITED STATES DISTRICT JUDGE